**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Earl Phillips,<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix Police Department, et al.,<br><br>Defendants. | No. CV 10-235-PHX-MHM (JRI)<br><br>**ORDER** |

Plaintiff James Earl Phillips, who is confined in the Arizona State Prison Complex-Douglas, has filed "Motion for Leave to File Delayed Civil Rights Complaint" and lodged a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will direct the Clerk of Court to file the Complaint and Application to Proceed, and will dismiss the Complaint with leave to amend.

**I.     Motion for Leave to File**

In his Motion for Leave to File, Plaintiff asks that the Court allow him to "file a delayed civil rights complaint. The deadline for filing was December 14, 2009." The Court will direct the Clerk of Court to file the Complaint and other lodged documents. However, to the extent that Plaintiff is asking the Court to toll the statute of limitations, the Court will not do so at this time. If Defendants raise the statute of limitations as an affirmative defense to Plaintiff's Complaint, Plaintiff may then present his arguments as to why the statute of limitations should be tolled. The Court will not make that determination before Defendants have been served or filed an answer to Plaintiff's claims.

**JDDL-K**

## II. Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $11.75. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## III. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual

allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**IV. Complaint**

Plaintiff names Phoenix Police Officers Mykel Moller, Matthew Morgan, Jared Lowe, Jimmy Wing, and Robert Ryan as Defendants in the Complaint.

Plaintiff raises two grounds for relief:

(1) Plaintiff's Eighth, Ninth, and Fourteenth Amendment rights were violated when he was assaulted by police officers; and

(2) Plaintiff's Eighth, Ninth, and Fourteenth Amendment rights were violated when police officers used excessive force on him and then denied him medical attention.

Plaintiff seeks money damages.

**V. Failure to State a Claim**

**A. Failure to Link Injuries with Defendants**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Although Plaintiff lists the individual police officers as Defendants, he has not made any allegations against the individual officers in the body of the Complaint. Conclusory

allegations against a group of Defendants are insufficient to state a claim.

**B.    Excessive Force**

Plaintiff should also note that a claim for excessive force during arrest arises from the Fourth Amendment. To state a Fourth Amendment excessive force claim under § 1983, a plaintiff must allege that force used during a personal seizure was so excessive as to be unreasonable in light of the facts and circumstances of the individual case. Smith v. City of Fontana, 818 F.2d 1411, 1416 (9th Cir. 1987). In determining whether an officer acted reasonably under the Fourth Amendment, the Court considers the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Hopkins v. Andaya, 958 F.2d 881, 885 (9th Cir. 1992).

The Supreme Court has stated:

> The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight.
>
> . . .
>
> The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation.

Graham v. Connor, 490 U.S. 386, 396-97 (1989) (citations omitted).

Plaintiff has not included information about the severity of the crime for which he was stopped or about the circumstances of the arrest such as whether he resisted arrest or attempted to flee.

**VI.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this

action without further notice to Plaintiff.

In any amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. Rizzo, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegation against that Defendant will be dismissed for failure to state a claim. Further, Plaintiff must comply with any specific directions set out by the Court in its discussion of individual claims. Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable, and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VII. Warnings**

    **A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result

1 in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . .

. . .

**IT IS ORDERED:**

1    (1)    Plaintiff's Motion for Leave to File Delayed Complaint (Doc. #1) is **granted** to the extent that the Clerk of Court **must file** Plaintiff's Complaint, Application to Proceed *In Forma Pauperis*, and Notice of Change of Address; the Motion is **denied** with respect to all other relief requested.

(2)    Plaintiff's Application to Proceed *In Forma Pauperis* (lodged at Doc. #4) is **granted**.

(3)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $11.75.

(4)    The Complaint (lodged at Doc. #3) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(5)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(6)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 4th day of March, 2010.

/s/ Mary H. Murguia
United States District Judge