UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

JAMES EARL PHILLIPS,        )
                                  )
            Plaintiff,        )    2:10-cv-0235 JWS
                                  )
        vs.           )    ORDER AND OPINION
                                  )
MYKEL MOLLER, *et al.*,      )    [Re: Motions at Docket 38 and 45]
                                  )
        Defendants.      )
                                  )

## I.  MOTIONS PRESENTED

At docket 38, defendants Mykel Moller, Robert Ryan, Matthew Morgan, Jared Lowe, and Jimmy Wing move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  At docket 42, *pro se* plaintiff James Earl Phillips opposes the motion.  At docket 45, defendants reply and move to strike plaintiff's response.  Both motions are ripe for decision.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

For purposes of this motion, the facts in this background section, which are from Mr. Phillips' complaint, are taken as true and construed in the light most favorable to Phillips.  On December 14, 2007, defendants Moller, Ryan, Morgan, Lowe, and Wing, all Phoenix police officers, stopped James Earl Phillips and demanded information about illegal drug activity and drug dealers.  When Mr. Phillips refused to give them the requested information, defendants beat Phillips with their fists and feet.  As a result,

Phillips sustained numerous injuries, including swollen eyes, a split lip, loosened teeth, a back injury, and contusions on his head, ribs, hands, and legs.  Phillips requested immediate medical attention, but defendants denied him medical treatment for the injuries they caused.  Instead, defendants intentionally passed Maricopa County hospital and drove Mr. Phillips to the Arizona Department of Corrections Intake Center. Mr. Phillips was charged with a drug violation and resisting arrest and pleaded guilty to both offenses.

On February 1, 2010, Mr. Phillips requested leave to file a delayed civil rights complaint, stating that the deadline for filing was December 14, 2009, and the reason for the delay in filing was that he had been transferred to several prisons.[1]  Phillips lodged a complaint alleging that his Eighth, Ninth, and Fourteenth Amendment rights were violated when the police officers used excessive force and denied him medical care.

By order dated March 8, 2010, the court directed the Clerk of Court to file Mr. Phillips' lodged complaint and application to proceed in forma pauperis.  The court's order stated in pertinent part:

> However, to the extent the Plaintiff is asking the Court to toll the statute of limitations, the Court will not do so at this time.  If Defendants raise the statute of limitations as an affirmative defense to Plaintiff's Complaint, Plaintiff may then present his arguments as to why the statute of limitations should be tolled.  The Court will not make that determination before Defendants have been served or filed an answer to Plaintiff's claims.[2]

In the same order, the court dismissed Mr. Phillips' complaint for failure to state a claim upon which relief may be granted because the complaint did not include any allegations against the individual officers or any "information about the severity of the crime for which he was stopped or about the circumstances of the arrest such as whether he resisted arrest or attempted to flee."[3]  The order further stated that Phillips had 30 days

---

[1]Doc. 1.

[2]Doc. 7 at p. 1.

[3]*Id.* at p. 4.

to file a first amended complaint correcting the stated deficiencies, and that if he failed to do so, the court would enter a judgment of dismissal which would count as a strike under 28 U.S.C. § 1915(g).

Mr. Phillips filed an amended complaint against defendants on May 20, 2010.[4] By order dated June 9, 2010, the court dismissed the amended complaint for failure to state a claim upon which relief may be granted.[5]   The court's order specifically stated that the amended complaint did not allege that this case arises pursuant to 42 U.S.C. § 1343(a) or that the court has jurisdiction pursuant to 28 U.S.C. § 1343(a), and failed to include information about the severity of the crime and the circumstances of the arrest. The court again granted Phillips leave to amend his complaint within 30 days.

After receiving an extension of time, Phillips filed a second amended complaint on September 15, 2010.[6]   The second amended complaint alleges three claims against defendants Phoenix Police Department, Ryan, Morgan, Lowe, Wing, and Moller under 42 U.S.C. §§ 1983 and 1985: 1) use of excessive force in violation of the Fourth Amendment, 2) denial of immediate medical care in violation of the Eighth Amendment, and 3) violation of Phillips' Fourteenth Amendment rights.   By order dated October 22, 2010, the court ordered defendants Moller, Ryan, Morgan, Lowe, and Wing to answer counts I and II of the Second Amended Complaint, and dismissed without prejudice defendant Phoenix Police Department and Count III for failure to state a claim.

On January 27, 2011, defendants Moller, Ryan, Morgan, Lowe, and Wing filed an answer, alleging in pertinent part,

> Future discovery may reveal additional facts that will support affirmative defenses available to, but unknown by Defendants at this time.   Accordingly, Defendants allege herein the affirmative defenses contained in Rules 8(c) and 12(b), Federal Rules of Civil Procedure.[7]

---

[4]Doc. 15.

[5]Doc. 16.

[6]Doc. 19.

[7]Doc. 30 at p. 5.

On April 7, 2011, defendants filed a Rule 12(c) motion for judgment on the pleadings alleging that Phillips' claims are time-barred.

### III.  STANDARD OF REVIEW

Pursuant to Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed - but early enough not to delay trial."  A judgment on the pleadings is properly granted if, taking all of the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.[8]  "Where . . . the application of the statute of limitations is apparent on the face of the complaint, the complaint may properly be dismissed by [a Rule 12(c)] motion in advance of trial."[9]  However, the court may not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."[10]

### IV.  DISCUSSION

As a preliminary matter, defendants move to strike Mr. Phillips' response because the response applies the wrong standard of review and exceeds the permissible scope of a response to a motion for judgment on the pleadings.  Pursuant to District of Arizona Local Rule 7.2(m)(1), a motion to strike "may be filed only if authorized by statute or rule" or "if it seeks to strike any part of a filing . . . on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."  The court will deny defendants' motion because it seeks to strike Mr. Phillips' response in its entirety. The court will consider those parts of Mr. Phillips' response that are within the scope of a response to Rule 12(c) motion for judgment on the pleadings.

Defendants next move for judgment on the pleadings on Mr. Phillips' remaining claims under §§ 1983 and 1985 on the grounds that they are barred by the applicable statutes of limitations.  "Section 1983 does not contain its own statute of limitations.

---

[8]*Compton Unified School Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010).

[9]*U.S. for Use of E.E. Black Limited v. Price-McNemar Construction Co.*, 320 F.2d 663, 666 n.1 (9th Cir. 1963).

[10]*Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

Without a federal limitations period, the federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state."[11] Suits under § 1985 are "governed by the same statute of limitations as actions under § 1983."[12]  Personal injury claims in Arizona are governed by a two-year statute of limitations.[13]  Consequently, a two-year statute of limitations also applies to claims under §§ 1983 and 1985.  However, federal law, not state law, determines when a civil rights claim accrues.  "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."[14]

Mr. Phillips does not contest that the two-year statute of limitations applies to his claims, and concedes that the two-year deadline for filing his complaint was December 14, 2009.[15]  He argues, however, that the injuries he sustained from defendants' beating caused him to be late filing his complaint "justifying tolling the statute of limitations" on the basis of disability.  Mr. Phillips contends that disability can toll the statute of limitations under Arizona and federal law, but does not cite any supporting authority.

Here, Mr. Phillips knew or had reason to know of defendants' use of excessive force and deliberate indifference to his medical needs on December 14, 2007, the date defendants allegedly beat Phillips and denied his request for medical treatment.  Phillips requested leave to file a delayed civil rights complaint on February 1, 2010, and after receiving the court's leave, filed his complaint on March 3, 2010, over two months after his § 1983 claim accrued.[16]  Consequently, the two-year statute of limitations would bar

---

[11]*TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

[12]*McDougal v. County of Imperial*, 942 F.2d 668, 674 (9th Cir. 1991).

[13]*TwoRivers*, 174 F.3d at 991.

[14]*Id.*

[15]Doc. 1 at p. 1

[16]The court's order granting Phillips leave to file his complaint specifically stated that the court declined Phillips' motion to the extent it requested the court to toll the statute of limitations, reserving that issue for later decision if raised by defendants.

-5-

the present action unless Phillips' alleged disability "tolled the limitations period sufficiently to permit him to proceed with this suit."[17]

Arizona Revised Statute § 12-520[18] permits tolling a statute of limitations if a person is "of unsound mind at some time after the cause of action accrues."[19]  "The statutory provision for tolling based on unsound mind is premised on equitable principles similar to those that underlie the discovery rule: it is unfair to bar an action in which the plaintiff is mentally disabled and thus unable to appreciate or pursue his or her legal rights."[20]  Under Arizona law, "unsound mind occurs when the 'person is unable to manage his affairs or to understand his legal rights or liabilities.'"[21] Determining whether a plaintiff's mind was unsound upon or after accrual is generally a question of fact for the factfinder.[22]

The tolling statute does not apply here because in his motion for leave to file a delayed civil rights complaint, Mr. Phillips affirmed that "[t]he deadline for filing was December 14, 2009," and admitted that "[t]he reason for the delay [in filing the complaint] is plaintiff was transfered [sic] to several prisons, ASPC-Florence-Meadows, ASPC-Florence-East Unit, ASPC-Lewis-Bachman, and only the week of - December 21, 2009 was he trasfered [sic] to ASPC-Douglas-Gila Unit."[23]  Because "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the

---

[17]*TwoRivers*, 174 F.3d at 992.

[18]A.R.S. § 12-502 provides in pertinent part, "If a person entitled to bring an action... is at the time the cause of action accrues . . . of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action.  Such person shall have the same time after removal of the disability which is allowed to others."

[19]*Doe v. Roe*, 955 P.2d 951, 968 (Ariz. 1998).

[20]*Doe*, 955 P.2d at 963.

[21]*Id.* at 964.

[22]*Id.* at 968.

[23]Doc. 1 at p. 1.

claim," dismissal of his complaint is warranted.[24]  Moreover, dismissal without leave to amend is appropriate here because Mr. Phillips cannot cure the timeliness defect in his complaint by the allegations of other facts.[25]

## V.  CONCLUSION

For the reasons set out above, defendants' motion to strike at docket 45 is **DENIED**, defendants' motion at docket 38 for judgment on the pleadings is **GRANTED**, and plaintiff's second amended complaint at docket 19 is **DISMISSED with prejudice.** The Clerk will please close this case.

DATED this 13th day of June 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[24]*Hernandez*, 138 F.3d at 402 (quoting *Supermail Cargo*, 68 F.3d at 1206).

[25]*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).